IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTURO RIVERA | § | |
| | § | |
| v. | § | C. A. NO. C-04-552 |
| | § | |
| JULIO SALAZAR, ET AL. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for a preliminary injunction. (D.E. 86).

**I. BACKGROUND**

Plaintiff's pending civil rights action involves a retaliation claim against defendant Julio Salazar. Trial is set to begin concerning this claim on Wednesday, September 12, 2007.[1] The retaliation claim stems from an incident that occurred when plaintiff was incarcerated at the McConnell Unit in Beeville, Texas. Plaintiff is currently incarcerated at the Ferguson Unit in Midway, Texas after being transferred on August 21, 2006. (D.E. 86, at 34).

In his motion, "Plaintiff maintains that the foregoing complained of misconduct ... was committed against Plaintiff, by Prison Official's [sic], on the Ramsey Unit, in Rosharon, Texas, in 'retaliation,' to punish Plaintiff, for exercising his First Amendment right to petition government for a redress of grievances ... and in addition for Plaintiff's filing's [sic] of other grievances against Prison Official's [sic], on the William G. McConnell Unit." (D.E. 86, at 7-8). Specifically, he asserts three claims. First, he asserts that on July 24, 2006, Assistant Warden

---

[1] The parties consented to proceed before a magistrate judge concerning this claim pursuant to 28 U.S.C. § 636. (D.E. 77, 87). Accordingly, this action was reassigned to the below signed magistrate judge. (D.E. 88).

Turrubiarte retaliated against him by removing him from the Gang Renouncement and Disassociation Program. (D.E. 86, 9-19). Second, he alleges that on July 25, 2006, Lieutenant Douglas A. Geist filed a false disciplinary against him alleging that plaintiff possessed child pornography. Id. at 19-34. Finally, he claims that his typewriter was deliberately destroyed when he received it on September 15, 2006, after being transferred from the Ramsey Unit to the Ferguson Unit. Id. at 34-36. Specifically, he asserts that Ms. McGilbra, the grievance supervisor, failed to properly investigate his claim and instead denied it. Id. at 35.

## II. DISCUSSION

1.      **Plaintiff's Retaliation Claims.**

To obtain a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted). Moreover, "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed. R. Civ. P. 65(a)(1); see also Harris County, Tex. v. Carmax Auto Superstores, Inc., 177 F.3d 306, 325 (5th Cir. 1999). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

Plaintiff's motion fails to warrant such an extraordinary remedy. First, he fails to provide specific facts which clearly indicate that he will suffer irreparable harm. Though he identifies

that various individuals have retaliated against him these incidents are all about nine to eleven months in the past. There is no immediacy, especially given that he is no longer even incarcerated at the Ramsey Unit.

In addition, plaintiff served this motion on defense counsel who represents, Julio Salazar, the only remaining defendant. (D.E. 86-2, at 16). He did not serve any of the individuals who he alleges violated his rights by retaliating against him. The notice requirement in Rule 65 is mandatory. Carmax Auto, 177 F.3d at 326. The Fifth Circuit has explained that "[w]hen dealing with a preliminary injunction, the 'adverse party' means the party adversely affected by the injunction, not the opponent in the underlying action." Parker v. Ryan, 960 F.2d 543, 545 (5th Cir. 1992). Accordingly, the motion for preliminary injunction violates Rule 65 in light of the fact that plaintiff failed to notify any of the adverse parties.

Finally, a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

In each of the three claims alleged as a basis for a preliminary injunction, the defendants are alleged to work or engage in business in Brazoria County, Texas and the event of which plaintiff complains occurred in Montgomery County, Texas. (D.E. 1). Brazoria County lies within the Galveston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(1). Thus,

venue is proper in the Galveston Division of the Southern District of Texas.

Moreover, because plaintiff's complaint stems from alleged incidents at the Brazoria County Jail, it follows that most of the evidence, including witnesses and documentation, lie within or around that facility. In the interest of justice and for the convenience of parties and witnesses, the United States District Court for the Southern District of Texas, Galveston Division, is the more convenient forum. 28 U.S.C. § 1404(a); Karim v. Finch Shipping Co., 265 F.3d 258, 268-69 (5th Cir. 2001).

For all of these reasons, plaintiff's motion for a preliminary injunction, (D.E. 86), is denied without prejudice.

**2.      Plaintiff's Property Claim.**

It appears that plaintiff also seeks recovery of damages to replace his typewriter. The Fourteenth Amendment of the Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. However, the Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). A claimant must either take advantage of the available remedies, or show that the available remedies are inadequate. Hudson, 468 U.S. at 535.

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement"); see also Beam v. Voss, 568 S.W.2d 413, 420 (Tex. Civ. App. 1978) (conversion is "[t]he unauthorized and unlawful assumption and exercise of

dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights"). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. Tex. Gov't Code § 501.007.

Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of property claim does not state a violation of the Due Process Clause. See Hudson, 468 U.S. at 536 (holding that even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy). To the extent that he claims the loss of property was only the result of negligence, he has no claim for violation of a constitutionally protected right. Daniels v. Williams, 474 U.S. 327, 328 (1986). The burden is on the inmate to show that the post-deprivation remedy is inadequate. Myers, 97 F.3d at 94.

Plaintiff's claim for recovery of damages for the loss of his typewriter is denied without prejudice. He must file such action in state court.

## III.  CONCLUSION

Plaintiff's pending motion for a preliminary injunction, (D.E. 86), is denied without prejudice.  Any claims plaintiff seeks to make against individuals at the Ramsey Unit for retaliation should be filed in the Galveston Division of the Southern District of Texas in compliance with the Federal Rules of Civil Procedure and administrative exhaustion requirements.  Similarly, any claim that plaintiff seeks to bring for the loss of property must be brought in Texas state court.

ORDERED this 11th day of June 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE