IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ARTURO RIVERA                    §
                                 §
v.                               §        C.A. NO. C-04-552
                                 §
JULIO SALAZAR                    §

## ORDER REGARDING MOTIONS IN LIMINE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that defendant "retaliated against him by filing a false disciplinary charge

against him after Rivera threatened to report Salazar for using force on him."  (D.E. 111, at 1).

Pending are plaintiff's motions in limine, (D.E. 119), and defendant's motions in limine.  (D.E.

117).  Defendant has filed a response opposing certain of plaintiff's motions.  (D.E. 123).

Plaintiff has not filed a response to defendant's motions.[1]  For the reasons given below, the

parties' Motions In Limine are GRANTED in part and DENIED in part.

## I.  LEGAL STANDARDS FOR MOTIONS IN LIMINE.

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the

abstract and in anticipation of some hypothetical circumstance that may not develop at trial."

Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980).  The Collins court further explained

that parties have a duty to renew objections that are denied in the context of the trial:

> When a party files numerous motions in limine, the trial court may
> not pay close attention to each one, believing that many of them
> are purely hypothetical.  Thus, a party whose motion in limine has
> been overruled must object when the error he sought to prevent
> with his motion in limine is about to occur at trial.  This will give
> the trial court an opportunity to reconsider the grounds of the

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

motion in light of the actual instead of hypothetical circumstances
at trial.

Id.; accord C.P. Interests, Inc. v. Cal. Pools, Inc., 238 F.3d 690, 697 n.5 (5th Cir. 2001).

Evidence should not be excluded in limine unless it is clearly inadmissible on all

potential grounds.  Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill.

1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)).  Evidentiary rulings, especially

those addressing broad classes of evidence, should often be deferred until trial so that questions

of foundation, relevancy and potential prejudice can be resolved in proper context.  Sperberg v.

Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac.

R.R., 203 F.R.D. 468, 482 (D. Kan. 2001) ("it is the better practice to wait until trial to rule on

objections when admissibility substantially depends upon what facts may be developed there").

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the

motion will be admitted at trial.  Denial merely means that without the context of trial, the court

is unable to determine whether the evidence in question should be excluded."  Hawthorne

Partners, 813 F. Supp. at 1401.

## II.  RULINGS ON PLAINTIFF'S MOTIONS IN LIMINE.

Plaintiff urges the following motions in limine:

1.  **Plaintiff moves the Court to instruct counsel for the Defendant, Defendant's
    witnesses, and Defendant to refrain from mentioning or divulging, directly or
    indirectly, the nature of Plaintiff's incarceration, for the reason that such fact is
    entirely immaterial to any issue in this case, and any mention or inference thereof,
    directly or indirectly, would be extremely harmful and prejudicial to the Plaintiff.**

The Federal Rules of Evidence govern relevance, as well as the introduction of evidence

that may unfairly prejudice the plaintiff.  Fed. R. Evid. 401-03.  Moreover, Rule 404(b) prohibits

admitting evidence of prior acts to prove character "in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  However, evidence of prior acts may be used for other purposes, <u>e.g.</u>, proving intent, motive, plan, or lack of mistake.  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> <u>Lamar v. Steele</u>, 693 F.2d 559, 561 (5th Cir. 1983).  The admissibility of evidence of the nature of plaintiff's incarceration will therefore depend on the context and purpose of its introduction.

Plaintiff's request is overly broad and void of any specific context.  Accordingly, plaintiff's motion <u>in</u> <u>limine</u> is DENIED without prejudice.

**2.     Plaintiff moves the Court to instruct counsel for the Defendant, Defendant's witnesses, and Defendant to refrain from mentioning or divulging, directly or indirectly, the fact that Plaintiff has a criminal past, for the reason that such fact is entirely immaterial to any issue in this case, and any mention or inference thereof, directly or indirectly, would be extremely harmful and prejudicial to the Plaintiff.**

The Federal Rules of Evidence govern relevance, as well as the introduction of evidence that may unfairly prejudice the plaintiff.  Fed. R. Evid. 401-03.  Moreover, Rule 404(b) prohibits admitting evidence of prior acts to prove character "in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  However, evidence of prior acts may be used for other purposes, <u>e.g.</u>, proving intent, motive, plan, or lack of mistake.  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> <u>Lamar</u>, 693 F.2d at 561.  The admissibility of evidence of plaintiff's criminal past will therefore depend on the context and purpose of its introduction.

Plaintiff's request is overly broad and void of any specific context.  Accordingly, plaintiff's motion <u>in</u> <u>limine</u> is DENIED without prejudice.

3.      **Plaintiff moves the Court to instruct counsel for the Defendant, Defendant's witnesses, and Defendant to refrain from mentioning or divulging, directly or indirectly, any mention of Plaintiff's past disciplinary proceedings, for the reason that such fact is entirely immaterial to any issue in the cause, and any mention or inference thereof, directly or indirectly, would be extremely harmful and prejudicial to the Plaintiff.**

The Federal Rules of Evidence govern relevance, as well as the introduction of evidence that may unfairly prejudice the plaintiff.  Fed. R. Evid. 401-03.  Moreover, Rule 404(b) prohibits admitting evidence of prior acts to prove character "in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  However, evidence of prior acts may be used for other purposes, <u>e.g.</u>, proving intent, motive, plan, or lack of mistake.  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> <u>Lamar</u>, 693 F.2d at 561.  The admissibility of evidence of prior disciplinary proceedings will therefore depend on the context and purpose of its introduction.

Plaintiff's request is overly broad and void of any specific context.  Accordingly, plaintiff's motion <u>in</u> <u>limine</u> is DENIED without prejudice.

4.      **Plaintiff further move [sic] the Court to instruct Defendant's counsel to refrain from interrogating, mentioning, arguing, or making statements or references to hearsay statements made by the Defendant as to what Defendant's third-party witnesses have or have not told Defendant, for the reason that such evidence is irrelevant and immaterial, and any mention of such evidence would be harmful and prejudicial to the Plaintiff.**

The Federal Rules of Evidence govern relevance, as well as the admissibility of hearsay evidence, and of evidence that may unfairly prejudice plaintiff.  <u>See</u> Fed. R. Evid. 402-04, 803-05, 807.  These rules need to be applied in the context of a specific statement to determine whether a hearsay statement is being made and whether an exception exists.  Any such attempt to introduce hearsay evidence must be evaluated pursuant to those rules based on plaintiff's timely objection.  Accordingly, plaintiff's motion <u>in</u> <u>limine</u> is DENIED without prejudice.

4

5.      **Plaintiff further request [sic] this Honorable Court to instruct Defendant's counsel to refrain from interrogating, mentioning, arguing or making statements or comments to jurors or prospective jurors, or from making offers of evidence concerning the following matters which would prejudice the jury, said instruction being necessary because the sustaining of any objections to any questions, comments or offers regarding these matters would not cure such prejudice, but rather, would reinforce the impact of the prejudice:**

(a)     **That any offers of or attempts at settlement have been made, such being inadmissable under Tex. Rule of Evidence 408;**

Rule 408 of Federal Rules of Evidence prohibits the admission of evidence that an attempt to settle was made, as well as "conduct or statements made in compromise negotiations regarding the claim," for the purpose of establishing liability, the amount of the claim, or for impeachment purposes.  Fed. R. Evid. 408(a).[2]  However, such evidence may be introduced for other purposes.  Fed. R. Evid. 408(b); <u>see</u> <u>also</u> <u>Basha v. Mitsubishi Motor Credit of Am., Inc.</u>, 336 F.3d 451, 454 n.4 (5th Cir. 2003).  Moreover, plaintiff's request is devoid of any specific context.  Accordingly, plaintiff's motion <u>in</u> <u>limine</u> is DENIED without prejudice.

(b)     **That Plaintiff has failed to produce tangible evidence as requested or required, until such has been determined by the Court away from the jury;**

Federal law allows a negative inference instruction when evidence is suppressed, or withheld in bad faith.  <u>King v. Ill. Cent. R.R.</u>, 337 F.3d 550, 556 (5th Cir. 2003) (citation omitted); <u>Caparatta v. Entergy Corp.</u>, 168 F.3d 754, 756 (5th Cir. 1999).  If the defendant can show that plaintiff has withheld evidence in bad faith, a presumption that the evidence was unfavorable may arise.  However, defendant shall not suggest that plaintiff has withheld any evidence without first establishing bad faith out of the jury's presence.  Accordingly, plaintiff's

---

[2] The Texas Rules of Evidence do not apply in this action.  This motion <u>in</u> <u>limine</u> is construed as made pursuant to the federal counterpart.

motion in limine is GRANTED.

> **(c)** **That no demands or requests be made for either documents or information that may be contained in the undersigned's file, or for further or additional discovery, including medical examinations;**

Plaintiff's inability to produce documents, if made known to the jury, may unfairly prejudice his case. Moreover, the deadline for discovery in this case was April 25, 2008. (D.E. 107). Accordingly, plaintiff's motion in limine is GRANTED. Neither party will be allowed to seek the production of documents, or request other discovery, in the presence of the jury.

> **(d)** **That plaintiff does not call to testify any witness equally available to all parties in this cause. In this connection, plaintiff moves that all other counsel further be instructed not to suggest to the jury, by argument or otherwise, what would have been the testimony of any witness not actually called to testify; and**

In federal trials, one party may not complain that the other failed to call a witness equally available to both. United States v. Virgen-Moreno, 265 F.3d 276, 291 (5th Cir. 2001) (citation omitted); Nichols v. Scott, 69 F.3d 1255, 1284 (5th Cir. 1995); see also Fifth Circuit Pattern Jury Instruction 2.9 (West 2006). However, a witness is not equally available merely because either party could compel his or her presence. United States v. MMR Corp., 907 F.2d 489, 501-02 (5th Cir. 1990). Other factors, including relationship to the parties, may place such a witness particularly under one side's control. Nichols, 69 F.3d at 1284.

In federal courts, the uncalled witness rule allows a factfinder to draw a negative inference from a party's failure to call a witness only when that witness is "peculiarly within his power." Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044, 1046 (5th Cir. 1990) (per curiam) (citing Graves v. United States, 150 U.S. 118, 121 (1893)); Streber v. Comm'r of Internal Revenue, 138 F.3d 216, 221-22 (5th Cir. 1998). In Herbert, the Fifth Circuit explained that "we

6

conclude that the uncalled-witness rule has no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure."  911 F.2d at 1047.  However, the Herbert court noted that "the rule has so frequently been either applied or referred to in dicta in this circuit since, as well as before, the adoption of the Federal Rules of Evidence, that it might be considered the law of the circuit."  Id.  at 1048-49.

Plaintiff's request lacks any context, including the control of any specific witness. Accordingly, plaintiff's motion in limine is DENIED without prejudice to the extent he seeks to prevent defendant from mentioning his failure to call any specific witness.

However, plaintiff's motion in limine is GRANTED to the extent that neither party will be allowed to mention to the jury the anticipated testimony of an absent witness.

**(e)     The contents of**

**(1)     any pre-trial motions on matters of fact and/or law;**

Defendant has listed only a single exhibit, and it is not a pre-trial motion.  (D.E. 111-2, at 2).  In order for defendant to introduce any exhibit not on his list, he would have to establish a proper basis such as rebuttal or impeachment.  Nonetheless, the Fifth Circuit has explained that statements in pleadings and pretrial orders are, as a general rule, admissible as an admission binding on the party that made the statement.  White v. ARCO/Polymers, Inc., 720 F.2d 1391, 1396 (5th Cir. 1983); Continental Ins. Co. of N.Y. v. Sherman, 439 F.2d 1294, 1298 (5th Cir. 1971).  Accordingly, plaintiff's motion is DENIED without prejudice.

**(2)     the contents of any pleadings regarding the discovery or any items not yet produced by or not available to Plaintiff;**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order.  Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996).

7

The Federal Rules of Civil Procedure provide a list of potential sanctions for failing to comply with a scheduling order.  Fed. R. Civ. P. 37(b)(2); accord Barrett, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial.  In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders."  United States v. Garrett, 238 F.3d 293, 298 (5th Cir. 2000) (citation omitted).  The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances."  United States v. Garza, 448 F.3d 294, 299-300 (5th Cir. 2006) (citations omitted).  Moreover, it may be proper to allow the jury to draw a negative inference from the fact that evidence was not produced.  See King, 337 F.3d at 556; Caparatta, 168 F.3d at 756.  Accordingly, plaintiff's motion in limine is DENIED without prejudice.

> **(3)    and the contents of any pleadings which have been superceded by trial pleadings.**

Again, defendant has not listed such a document as an exhibit.  (D.E. 111-2, at 2). Moreover, the contents of a superceded or withdrawn pleading are not categorically inadmissible.  See White, 720 F.2d at 1396; Continental Ins. Co., 439 F.2d at 1298. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

6.   **Plaintiff further moves the Court to instruct Defendant's counsel to refrain from displaying or tendering to any witness in the presence of the jury any document or tangible thing not identified or described in response to discovery requests.**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. Barrett, 95 F.3d at 380. The Federal Rules of Civil Procedure provide a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barrett, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." Garrett, 238 F.3d at 298 (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors:  (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." Garza, 448 F.3d at 299-300 (citations omitted). Moreover, it may be proper to allow the jury to draw a negative inference from the fact that evidence was not produced. See King, 337 F.3d at 556; Caparatta, 168 F.3d at 756. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

7.   **Plaintiff would further move the Court to instruct Defendant's counsel to refrain from interrogating, mentioning, arguing or making statements or references to opposing counsel's actions in the pre-trial process for the reason that any mention would be irrelevant and prejudicial, and error could not be cured by instruction.**

The Federal Rules of Evidence define relevance, and govern the admissibility of evidence that may unfairly prejudice plaintiff. See Fed. R. Evid. 401-03. These rules cannot be applied except in the context of specific evidence. Any attempt to introduce irrelevant or prejudicial

9

evidence must be evaluated pursuant to those rules on plaintiff's timely objection.  Accordingly, plaintiff's motion in limine is DENIED without prejudice.

**8.      Plaintiff respectfully requests that this Court instruct counsel for the Defendant to approach the bench out of the presence and hearing of the jury and inform the Court and counsel that he intends to go into any of the above matters and state to the Court, at that time, what the relevancy of those matters should be to this case; and further instruct counsel for the Defendant that until he has done the foregoing, he is to instruct his clients and any and all witnesses he proposes to use during the trial of this cause that they are not to, and counsel is not to, mention, allude to or refer to, by word, act, deed, or innuendo, any of the above matters.**

There is no reason to believe that defendant will attempt to violate this order by introducing any evidence ruled inadmissible.  Moreover, many of plaintiff's motions are denied; requiring defendant to approach the bench before introducing evidence not already ruled inadmissible would unfairly relieve plaintiff of his responsibility to raise his own timely objections.  Accordingly, plaintiff's motion in limine is DENIED without prejudice.

However, "speaking objections" will not be allowed at trial.  Instead, the parties are to object to the introduction of evidence by uttering the word "objection" along with a one or two word explanation for the basis of the objection, such as "hearsay," "irrelevant," "inadmissible," etc.  Either party then may request to approach the bench, where the objection will be argued and ruled on out of the jury's hearing.

**It is further requested that counsel for Defendant be instructed not to mention or make reference to the fact that this Motion has been made.**

The fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable.  Fed. R. Evid. 401.  Accordingly, plaintiff's motion in limine is GRANTED.  See Niver v. Travelers Indem. Co., 433 F. Supp.2d 968, 998-99 (N.D. Iowa 2006).

10

### III.  RULINGS ON DEFENDANT'S MOTIONS IN LIMINE.

Defendant requests the Court to order the plaintiff to seek permission before making:

1.      **Any reference to any actions of the defendant, other than those relating to the incident that forms the basis of Plaintiff's complaint. Fed. R. Evid. 401-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Moreover, evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561. These rules cannot be applied except in the context of specific evidence.  Defendant's request is overly broad, and devoid of any specific context.  Accordingly, defendant's motion in limine is DENIED without prejudice.

2.      **Any reference to any Texas Department of Criminal Justice disciplinary infractions by or disciplinary action against any TDCJ employee if this information is not first shown to be relevant and admissible.  Fed. R. Evid. 401-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Moreover, evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561. These rules cannot be applied except in the context of specific evidence.  Defendant's request is overly broad, and devoid of any specific context.  Accordingly, defendant's motion in limine is DENIED without prejudice.

3.      **Any reference to any prison condition or incidents that are not directly related to the incidents forming the basis of this lawsuit.  Fed. R. Evid. 401-403.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  These rules cannot be applied except in the context of specific evidence. Defendant's request is overly broad, and devoid of any specific context.  Accordingly,

defendant's motion in limine is DENIED without prejudice.

**4.      As part of our Motion in Limine, we incorporate by reference the Court's instruction regarding giving testimony only from the witness stand.**

    This motion does not request the Court to do anything, and thus requires no action.

**5.      Any reference to the filing of this motion, its contents, or the ruling of the court on any item contained within it.**

    The fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable.  Fed. R. Evid. 401.  Accordingly, defendant's motion in limine is GRANTED.  See Niver, 433 F. Supp.2d at 998-99 (N.D. Iowa 2006).

## IV.  CONCLUSION

    For the foregoing reasons, plaintiff's motions in limine, (D.E. 119), are DENIED in part and GRANTED in part.  Furthermore, defendant's motions in limine, (D.E. 117), are DENIED in part and GRANTED in part.

    ORDERED this 30th day of July 2008.

BRIAN  L.  OWSLEY
UNITED STATES MAGISTRATE JUDGE

12